### 17923. EDWARDS *v.* THE STATE.

The evidence as to the place at which the accused was seen with a pistol in his automobile was too indefinite to authorize a conviction of carrying a pistol outside his own home or place of business.

DECIDED APRIL 12, 1927.

Carrying pistol without license; from city court of Macon—Judge Hall. January 8, 1927.

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

BROYLES, C. J. The accused was convicted of carrying a pistol outside of his own home and of his place of business. The only witness in the case testified that he was a deputy sheriff of Bibb county, and that on a named day he received a call to come out on "Montpelia Avenue;" that he "went out there," and saw the defendant sitting in his automobile, which was not in operation; that he saw a pistol lying across the defendant's lap and saw the defendant pick the pistol up and lay it down behind him on the seat of the car; that he arrested the defendant and found the pistol on the seat of the car where he had laid it, and that all of this occurred in Bibb county, Georgia.

This evidence fails to show where the defendant's automobile was at the time he had the pistol in his lap or in his hand. So far as this court can gather from the evidence, the car may have been parked on "Montpelia Avenue," miles away from the defendant's home or place of business, or it may have been standing on the defendant's home or business premises abutting on that avenue, or elsewhere. At any rate, the evidence fails to affirmatively show

---

Weapons, 40 Cyc. p. 861, n. 82.

that the defendant had the pistol in his manual possession at some place other than his own home or place of business, and his conviction was unauthorized.

*Judgment reversed.    Luke and Bloodworth, JJ., concur.*